UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

CESAR BAZAN SILVA,

        Plaintiff,

              ORDER
  - against -
              CV 2012-677 (ERK)(MDG)
CALLE 8, LLC, S&P ROTHDISH d/b/a CALLE
OCHO, et al.,

        Defendants.

- - - - - - - - - - - - - - - - - - -X

GO, United States Magistrate Judge:

  Plaintiff Cesar Bazan Silva brings this action against defendants Calle 8, LLC ("Calle 8"), S&P Rothdish d/b/a Calle Ocho ("S&P") and unidentified individuals asserting various claims under federal and state law for unpaid overtime wages, minimum wages and penalties and interest under both federal and state law.  Seeking to bring a collective action pursuant to section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., he alleges that he and other similarly situated employees have been denied overtime compensation as required by the FLSA.  Framing his motion as a motion for "conditional certification" under the FLSA,[1]

---

[1] As the Second Circuit noted in Myers v. Hertz Corp., 624 F.3d 537 (2d Cir. 2010), although "courts speak of 'certifying' a FLSA collective action, ... the 'certification' ... is only the district court's exercise of the discretionary power, upheld in Hoffmann-LaRoche, to facilitate the sending of notice to potential class members.  Section 216(b) does not by its terms require any such device . . ." Id. at 555, n. 10.  The "certification" sought is simply a "useful 'case management' tool for district courts to employ in 'appropriate cases'" and not necessary for the maintenance of a FLSA collective action.  Id.
                  (continued...)

plaintiff moves to compel defendants to provide contact information of their current and former employees and for permission to notify these employees of the pendency of this action.

For the reasons set forth below, plaintiff's motion for leave to send a collective action notice[2] is denied without prejudice and the motion to compel is granted in part.

BACKGROUND

In his Second Amended Complaint ("2d Am. Compl."), plaintiff alleges that he was employed by defendants in various capacities at a restaurant called Calle Ocho beginning in 1998 through June 16, 2011. 2d Am. Compl. (ct. doc. 12) ¶¶ 10, 12-13. His duties included working as a bus boy and bar back, clearing tables, cleaning, serving coffee, and checking coats. Id. ¶ 13. Plaintiff further alleges that during his employment, he worked between 40 and 75 hours per week, that defendants failed to pay him overtime wages for hours worked beyond 40 per week and that defendants altered his time sheets and disabled the time clock. Id. ¶¶ 15-16. Plaintiff further claims that "the basic job duties and assignments of the members of the FLSA Collective were the same or

---

[1](...continued)
(citing Hoffmann-LaRoche).

[2] Because a motion for a collective action notice is separate and distinct from a motion for class certification under Rule 23 of the Federal Rules of Civil Procedure, Myers, 624 F.3d at 555-66, the motion is a pretrial matter within this Court's pretrial reference authority. See 28 U.S.C. § 636(b)(1)(A) (excepting class certification motions as a pretrial matter within a magistrate judge's authority).

substantially similar to those of Plaintiff . . . [they] were employed in the same job category as Plaintiff and were paid in the same manner and under the same common policies, plans, and practices as Plaintiff." Id. ¶ 21.

In support of his motion, plaintiff submitted a two page affidavit which contains similarly general allegations. See Affidavit of Cesar Bazan Silva ("Silva Aff.") (ct. doc. 16-5). He again states that he worked between 40 and 75 hours per week but was not paid overtime compensation for all hours worked over 40 per week, and that defendants willfully failed to pay him the correct wage and arbitrarily fabricated the hours that he worked. Id. ¶¶ 6-7. He further alleges that based on conversations with "other employees" and the fact that he was routinely unable to use the time clock, he believes that other employees, whose names he cannot recall, were "treated in a similar manner." Id. ¶¶ 8-10. He seeks to send notice of a collective action to "all persons employed by Defendant as a busboy and/or any other similar positions, including but not limited to bartenders, servers, waiters, hosts[,] kitchen staff, and dishwashers." 2d Am. Compl. ¶ 28.

In opposition, defendants argue that plaintiff fails to make a factual showing to show that putative class members were similarly situated to him; that the collective action that plaintiff seeks is too broad; that plaintiff's collective allegations require individualized inquiry; and that Calle 8, LLC never employed plaintiff. See Defs.' Mem. in Opp'n (ct. doc. 17) 1-11. Defendants further argue that the notice period for a putative

-3-

collective action should be three years from the date the Notice is mailed and points to a number of deficiencies in the proposed notice. Id. 11-17.

## DISCUSSION

Section 216(b) of the FLSA provides that employees may proceed collectively against an employer:

> An action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). In determining whether to authorize the sending of notice to potential plaintiffs of the pendency of a collective action brought pursuant to section 216(b) of the FLSA, courts should engage in a two-step inquiry. Myers, 624 F.3d at 554-55; Morales v. Plantworks, Inc., 2006 WL 278154, at *2 (S.D.N.Y. 2006). First, courts should make an initial determination whether there are "potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." Myers, 624 F.3d at 554 (citations omitted); Ahmed v. T.J. Maxx Corp., 2012 WL 5507329, at *3 (E.D.N.Y. 2012). After discovery has been completed, courts should engage in a second and more heightened stage of scrutiny to determine whether the case should proceed to trial as a collective action or the class should be decertified. See Myers, 624 F.3d at 555; Greene v. C.B. Holding Corp., 2010 WL 3516566, at *2-*3

(E.D.N.Y. 2010); Summa v. Hofstra Univ., 715 F. Supp. 2d 378, 385 (E.D.N.Y. 2010).

At this initial stage, "the court examines the pleadings and affidavits" to analyze whether plaintiff and putative class members are similarly situated. Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 368 (S.D.N.Y. 2007); Flores v. Osaka Health Spa, Inc., 2006 WL 695675, at *2 (S.D.N.Y. 2006); Morales, 2006 WL 278154, at *1. If "the plaintiffs make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common plan or policy that violated the law,'" the court may authorize that notice be sent. Myers, 624 F.3d at 555 (citation omitted). However, the "modest factual showing" that plaintiff must make at the conditional certification stage "cannot be satisfied simply by 'unsupported allegations,' but it should remain a low standard of proof because the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist." Id. (internal citations omitted). Although plaintiff's burden is not onerous, he must provide actual evidence of a factual nexus between his situation and those that he claims are similarly situated rather than mere conclusory allegations. See Flores, 2006 WL 695675, at *3; Morales, 2006 WL 278154, at *3; Levinson v. Primedia Inc., 2003 WL 22533428, at *1 (S.D.N.Y. 2003).

Plaintiff makes only general allegations that he and other employees of Calle Ocho were denied overtime compensation. As a preliminary matter, plaintiff does not clearly state whether he had certain duties and job titles at certain times or whether he

performed all the duties he described throughout his entire employment. Plaintiff also fails to provide any factual detail about the other employees, such as names of fellow employees whom he observed working the same hours as he, who were unable to use the time clock or with whom he had conversations about not receiving overtime compensation. Silva Aff. (ct. doc. 16-5). Nor does he identify the job duties performed by his fellow employees whom he observed or with whom he conversed. This absence is especially striking because plaintiff also attached to his motion a shift list of several Calle Ocho employees; plaintiff states that the names on the list "appear to be accurate to the best of [his] recollection" but that he cannot recall the names of anyone with whom he had pertinent conversations. Id. ¶ 9.

Courts in this Circuit have commonly authorized the sending of collective action notices where plaintiff includes some probative information regarding similarly situated employees such as their names, their duties and their hours worked or where plaintiff provides affidavits from such employees setting forth the pertinent facts. See, e.g., Hanchard-James v. Brookdale Family Care Ctrs., 2012 WL 328810, at *3 (E.D.N.Y. 2012); Salomon v. Adderly Indus., Inc., 847 F. Supp. 2d 561, 565 (S.D.N.Y. 2012) (plaintiffs identified co-workers who told them that they were not paid overtime); Wraga v. Marble Lite, Inc., 2006 WL 2443553, at *2 (E.D.N.Y. 2006) (plaintiff demonstrated knowledge of conversations with other employees and conversations between employees and defendant in which they complained that they were not paid

-6-

properly); Patton v. Thomson Corp., 363 F. Supp. 2d 263, 267 (E.D.N.Y. 2005) (plaintiff stated that the potential plaintiffs had her same job duties and were paid in the same manner as plaintiff).

However, where plaintiffs fail to provide either evidentiary support, such as affidavits or supporting documents, or specific factual allegations, courts routinely deny conditional certification. See, e.g., Khan v. Airport Mgt. Servs., LLC, 2011 WL 5597371, at *4 (S.D.N.Y. 2011) (plaintiff "claims to have personal knowledge that 'defendants hired at least 40 . . . similar [employees],' but he does not identify these 40 workers by name or specify the source for this claim"); Prizmic v. Armour, Inc., 2006 WL 1662614, at *3 (E.D.N.Y. 2006) (plaintiff did not submit any evidence or "identif[y] a single potential plaintiff"); Morales, 2006 WL 278154, at *3 ("plaintiffs have only offered a conclusory allegation in their complaint; they have offered nothing of evidentiary value"); Levinson, 2003 WL 22533428, at *1-*2. Affidavits containing class allegations "that [are] not made on personal knowledge, but instead based on information or belief" are not sufficient to make the required factual showing of a common plan or policy. McGlone v. Contract Callers, Inc., 867 F. Supp. 2d 438, 444 (S.D.N.Y. 2012); see also Romero v. H.B. Automotive Group, Inc., 2012 WL 1514810, at *10 (plaintiff's class showing was based on "knowledge and belief" and lacked "any admissible affidavits"); Flores, 2006 WL 695675, at *3 (memorandum of law stating that "it is plaintiff's understanding" that co-workers worked the same 12 hour shift as she did "do not provide any factual information

-7-

concerning the basis for [plaintiff]'s 'understanding' of the quantum of work performed" by other employees).  The absence of factual support regarding similarly situated potential plaintiffs is particularly relevant when plaintiff has had the benefit of some discovery.  See, e.g., Romero, 2012 WL 1514810, at *10 (S.D.N.Y. 2012); Khan, 2011 WL 55597371, at *4; Prizmic, 2006 WL 1662614, at *3.

The single two-page affidavit and shift list submitted by plaintiff lack any factual support to carry plaintiff's modest burden to show that he and other potential plaintiffs were victims of a common policy or plan that violated the law.  Plaintiff's allegation that "others similarly situated to myself . . . were treated in a similar manner" is made upon information and belief.  In fact, not only does plaintiff fail to specifically identify the similarly situated employees, he does not describe how such employees were treated "in a similar manner."

Plaintiff's motion is also deficient in that it does not clearly define the universe of similarly situated individuals other than to state that the collective includes, but is not limited to, individuals such as bartenders, servers, waiters, hosts, kitchen staff and dishwashers.  Without any further explanation or information from plaintiff, some of these employees do not appear to be similarly situated to plaintiff.  2d Am. Compl. (ct. doc. 12) ¶ 28.  Furthermore, plaintiff's proposed notice does not include any description of the job duties of the relevant class.  Courts ordinarily will allow notice of a fairly broad class of employees

-8-

at this stage.  See, e.g., Hanchard-James, 2012 WL 3288810, at *3-*4 (all current and former employees of defendant who worked in the same position as plaintiff included); Iglesias-Mendoza, 239 F.R.D. at 368 (declining to limit class to employees with the same specific job duties as plaintiff).  However, "[w]here the named plaintiff is unable to state clearly and specifically to whom it is that she contends she is similarly situated, it is not possible for the Court to conclude that a collective action certification is warranted."  Flores, 2006 WL 695675, at *3; see also Prizmic, 2006 WL 1662614, at *3.

For the foregoing reasons, plaintiff's motion for leave to send a collective action notice is denied without prejudice to renewal in the future.  See Myers, 624 F.3d at 557-58 (noting that motions to facilitate opt-in notices may be renewed after a denial and that "a district court may continually evaluate, as the case progresses, whether such notice should be provided, whether an existing class should be modified, or whether the action should be 'de-certified'").

In the interest of efficiency, the Court encourages plaintiff, if he files a future motion, to confer with defendants in a good faith attempt to resolve disputes over a revised proposed Notice.  Also, the parties are encouraged to engage in discovery to clarify the record as to issues that defendants argue require individualized inquiry, including the concern that plaintiff was never employed by defendant Calle 8 LLC, and their challenge to plaintiff's charge that defendants altered time records.  See

Zaniewski v. PRRC Inc., 848 F. Supp. 2d 213, 229-230 (D. Conn. 2012) (noting that consideration of such factors may be "the sort of issue that is more properly considered on a more complete record"). Also, the parties should confer as to whether some of the issues are best addressed after a collective action notice is sent -- in the second phase" of the collective action. See Salomon v. Adderley Indus., Inc., 847 F. Supp. 2d 561, 565 (S.D.N.Y. 2012); Sobczak v. AWL Indus., Inc., 540 F. Supp. 2d 354, 363-64 (E.D.N.Y. 2007) (describing defendants' argument that the need for individualized inquiry should defeat conditional certification as "putting the cart before the horse").

## CONCLUSION

For the foregoing reasons, plaintiff's motion for authorization to send notice of the pendency of a collective action is denied without prejudice to renewal. Plaintiff's motion to compel disclosure of the names and addresses of other employees of defendants is granted, but the extent of the discovery to be permitted will be discussed at a conference to be held on December 13, 2013 at 10:00 a.m.

**SO ORDERED.**

Dated: Brooklyn, New York
December 5, 2013

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE